304 So.2d 86 (1974)
Vincent C. CUCCIA
v.
W. T. TAYLOR, Director, Louisiana Department of Highways.
No. 9960.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
Rehearing Denied December 16, 1974.
*87 Vincent C. Cuccia, in pro. per.
Charles William Roberts, Baton Rouge, for appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
de la HOUSSAYE, Judge.
The facts of the case at hand are not disputed.
On June 19, 1973, Vincent Cuccia as attorney for Charlie Cornman and Medallion Realty, Inc. requested of the Department of Highways to be allowed to view and copy appraisal reports submitted to the Department of Highways by H. B. Breeding, Jr., and L. L. Landry, expert independent fee appraisers to appraise properties related to a certain project designated as State Project No. 13-11-09, Federal Aid Project No. F-76(17), Chinchuba-Covington Highway, on State Route La.-U.S. 190. Cuccia's demands were based on the public records doctrine found at LSA-R.S. 44:1 et seq.
The above project provided for the construction, widening, improving and servicing of State Route La. 22 at Chinchuba and extending northerly to the 1-12 interchange, a distance of 3.59 miles.
The Defendant (Department of Highways) alleges that it agreed to furnish Cuccia with copies of the plans and, further, offered to furnish factual information as to amounts and unit value estimates for individual parcels of property to be acquired by the State for the above project as well as values of improvements, damages, comparable sales and other factual matters. The Department of Highways acknowledges that it did refuse to furnish Cuccia with the written reports of the Appraisal Experts based on provisions of Article 1452 of the Louisiana Code of Civil Procedure stating that said reports contained the mental impressions, conclusions, opinions and theories of an expert which *88 were prepared in anticipation of possible litigation.
After a considerable exchange of correspondence between the parties, the defendant Department remained firm in its denial even though Mr. Cuccia sought to file criminal charges based on LSA-R.S. 44:37 against Mr. Richard A. Currie, Right of Way Engineer with the Department.
On February 1, 1974, plaintiff-appellant, Vincent C. Cuccia then made a personal request on Richard Currie to be allowed to view the appraisal reports submitted by the Department's experts. There was no mention that Cuccia was making this request upon behalf of a client.
Upon meeting with the same refusal by the Department, Cuccia then filed suit on February 4, 1974, asking for a writ of mandamus directing W. T. Taylor, Director of the Louisiana Department of Highways for the State of Louisiana to produce for inspection and copying the subject appraisal reports. After Cuccia filed for a writ of mandamus, but before the Department filed its answer there were filed by the Department two expropriation suits against Charlie Cornman and Medallion Realty, Inc. for three (3) parcels of land related to the above project, said suits being Nos. 39,805 and 39,806 on the docket of the 22nd Judicial District Court within and for the Parish of St. Tammany, State of Louisiana.
Based on this sequence of events related to a reading of LSA-R.S. 44:1 et seq. in pari materia with LSA-C.C.P. 1452 the trial court rendered judgment in favor of defendant-appellee and dismissed the alternative writ of mandamus issued at plaintiff-appellant's costs.
We agree with the decision of the trial court.
The second paragraph of Article 1452 of the Code of Civil Procedure provides:
"The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert."
The prohibition contained in the last sentence of the above article is absolute and does apply to the reports of appraisal experts in expropriation cases involving the Department of Highways of the State of Louisiana. State v. Spruell, 243 La. 202, 142 So.2d 396 (1962); State, Department of Highways v. Johnson, 168 So.2d 389 (La.App. 3rd Cir., 1964).
To approve Appellant's contentions that the Public Records Doctrine requires the Department of Highways to reveal the mental impressions or conclusions of its experts, would place the State of Louisiana, through its various departments, at a severe disadvantage in any litigation. The State, as a party litigant, is and should be entitled to equal justice under law; no better and no worse than any other litigant.
We do not believe it was the intention of our legislature, in enacting the Public Records Doctrine, to place the State, or its departments, at such a disadvantage, when engaged in litigation. We believe the better view is to apply the last sentence of Art. 1452 C.C.P., equally to all litigants including the state, so that no party should be ordered to produce the writings which reflect the mental impressions or conclusions of its experts.
In so holding, we do not construe Art. 1452 C.C.P. as an absolute bar to the deposing of the experts of an adverse party. They may be compelled to give factual testimony, *89 but not that which is prohibited by Art. 1452 C.C.P. State v. Spruell, 243 La. 202, 142 So.2d 396 (1962).
We are further supported in our views by a close reading of LSA-R.S. 44:1 et seq. LSA-R.S. 44:1, 44:2, and 44:3 appear to be couched in the past tense, so that e. g. 44:2 provides that the "provisions of the Chapter shall not apply to any records . . . . until after the case, cause, charge or investigation has been finally disposed of."
We believe the statutes in question, in pari materia, reflect that the State need not be ordered to produce the mental impressions or conclusions of its experts or attorneys, contrary to the plain language of Art. 1452, C.C.P.
Accordingly, for the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Judgment affirmed.