WATKINS, Judge.
This is a mandamus proceeding to obtain a writ directing William J. Guste, Jr., Attorney General of the State of Louisiana, to deliver to plaintiff, C. B. Dutton, a resident of the State of Indiana, all documents concerning a purported settlement of claims between various architects and engineers and the State of Louisiana or its officers, subdivisions or employees with regard to liability for defects in the design or construction of the Louisiana Superdome. The trial court rendered judgment for defendant. We affirm.
The trial court found that the documents in question, which it reviewed in camera, embodied an offer of settlement, and refused to order the delivery of the documents for plaintiff’s view and inspection. We have viewed the documents in camera, and find both elements of settlement and offer of settlement to be contained therein. We have thoroughly reviewed the documents in question, and to avoid revealing any possible confidential information, in view of the result we are reaching, limit ourselves to the characterization contained in the preceding sentence. We will assume that the documents contain a settlement or compromise for purposes of discussion, to give plaintiff-appellant the most favorable position.
Plaintiff-appellant seeks to view the documents as a “person” under the Public Records Statute (LSA-R.S. 44:1 et seq.) and *632 contends that the documents in question are “public records” under definition A(2) under LSA-R.S. 44:1. We find that the documents are not “public records” for purposes of Chapter 1 of Title 44, for the reason that they fall within the exception contained in that definition, thus stated: “. . . except as otherwise . . . specifically provided by law.”
First, we note that the documents in question fall also within the exception to the general right to review public documents set forth in Art. 12, Sec. 3 of the Constitution of 1974:
“No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.”
In Cuccia v. Taylor, 304 So.2d 86 (La.App. 1st Cir. 1974), a mandamus proceeding to force the Director of the Louisiana Department of Public Highways to produce for inspection and copying certain appraisal reports, it was held LSA-R.S. 44:1 et seq. must be read in pari materia with LSA-C.C.P. art. 1452, one of the discovery articles contained in the Code of Civil Procedure. Similarly, we hold that LSA-R.S. 44:1 et seq. must be read in pari materia with another discovery article, LSA-C.C.P. art. 1422, which (as amended by Louisiana Act No. 572 of 1976, Sec. 1), reads as follows:
“Unless otherwise limited by order of the court in accordance with this Chapter, the scope of discovery is as set forth in this Article and in Articles 1423 through 1425.
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
We, thus, see that matters that are privileged are not subject to discovery. A compromise settlement is generally regarded as privileged, and is inadmissible in evidence. Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App. 3rd Cir. 1966). The purpose of this privilege is to protect the compromiser from having the compromise used adversely to him in other proceedings. (We note that although there is no direct evidence of an ancillary arbitration proceeding in the record, it appears to be conceded by plaintiff’s counsel (see Original Brief of Plaintiff-Appellant on appeal, p. 11) that the State is a participant in an arbitration proceeding arising from the same construction project.) We find that the following language of Judge Tate in Broussard, supra, is pertinent:
“The basic reason for this privilege of preventing admissibility is the policy danger of discouraging compromises, favored by laws, if they can be used adversely to the compromiser in other proceedings. McCormick, Section 251 at p. 541; Annotation, Negligence-Payment of Similar Claims, 20 A.L.R.2d 304; Brown v. Pacific Electric Ry. Co., 79 Cal.App.2d 613, 180 P.2d 424 (1947) (collecting decisions).” (188 So.2d 111, 121)
It is thus apparent that the compromisers in the present transaction have a recognized right to be protected. We must assume that if there were no possibility of harm to the compromisers the Attorney General would not oppose the present writ of mandamus.
Compromises are not privileged for all purposes or in all cases. Certain exceptions exist to the general privilege. A compromise is admissible in evidence to prove its genuineness, and to prove that it was not obtained through fraud or error of fact. Allen v. Delta Match Corp., 250 So.2d 563 (La.App. 1st Cir. 1971). Also, and more *633 often to arise, a compromise agreement is admissible in evidence to impeach the credibility of a witness. McCormick on Evidence, Sec. 251; Belanger v. Employers Mutual Liability Ins. Co., 159 So.2d 500 (La.App. 1st Cir. 1964). Plaintiff-appellant does not indicate by brief or otherwise the use he intends to make of the documents in question in the present case. We must assume, until he states to the contrary, that the documents are sought for purposes which fall under the general privilege, and are, thus, not subject to discovery.
As the discovery articles of the Code of Civil Procedure are to be read in pari materia with the provisions of the Public Records Statute (LSA-R.S. 44:1 et seq.) under the reasoning set forth in Cuccia, supra, and as the compromise agreement in question is privileged and not subject to discovery, it is not subject to production and inspection under the Public Records Statute.
Having so held, it is unnecessary for us to determine whether or not the documents in question are also not subject to production and inspection for reasons of public policy, as was found by the trial court.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.