PER CURIAM.
GRANTED.
This matter came before the Court on plaintiff Kerry McNeely’s application for supervisory writs to review the trial court’s grant of the Board’s motion to quash the plaintiff’s deposition of its former attorneys. For the reasons set out below, we reverse the decision of the trial court and remand this matter for further proceedings consistent with this opinion.
McNeely brought this action under 42 U.S.C. § 1983 alleging the drug testing program instituted by the Board of River Pilot Commissioners (Board) and the subsequent revocation of his commission as a river port pilot violated his due process rights under the U.S. and Louisiana constitutions. On October 30, 1987, the Board filed an amended and supplemental answer to the plaintiff’s petition, pleading the affirmative defense of good faith immunity based on the advice of counsel. The plaintiff then filed a Notice of Deposition of the Board’s former counsel, the firm of Nelkin & Pickle. Citing attorney-client privilege under La.R.S. 13:3734.3, the Board moved to quash the deposition, and this motion was granted by the trial court. McNeely sought supervisory writs from the Fourth Circuit Court of Appeal, but writs were denied with Plotkin, J. dissenting from the denial of writs. McNeely v. Board of River Port Pilot Commissioners of the Port of New Orleans, et al, No. 88-C-1145 (La. App. 4th Cir. Sept. 13, 1988).
By pleading good faith immunity based on advice of counsel, the Board has apparently placed privileged communications at issue since the defense “requires the introduction of privileged communications.” See Smith v. Kavanaugh, Pierson & Talley, 513 So.2d 1138, 1144 (La.1987). At the *1256 very least, the Board’s pleading of this affirmative defense discloses the existence of privileged communications and a “decision to rely on privileged evidence at trial.” Id. at 1143. To prove its affirmative defense, the Board will have to introduce evidence to show the challenged testing program was enacted on advice of counsel and that the program followed the advice given. Under our decision in Smith, the plaintiff has demonstrated extraordinary circumstances are present here which justify a limited waiver of the attorney-client privilege and permit the taking of the Board’s former attorneys’ depositions.
Accordingly, we reverse the trial court and remand this" matter so that the noticed deposition can proceed. The scope of inquiry is limited to the matters raised by the affirmative defense. Alternatively, if the Board wishes to withdraw its affirmative defense of good faith immunity or to stipulate no attorney-client communications will be used at trial in support of the affirmative defense, it can avoid any waiver of the privilege.
WRIT GRANTED; TRIAL COURT RULING REVERSED; REMANDED WITH DIRECTIONS.