TEXACO, INC., et al.

v.

LOUISIANA LAND and
EXPLORATION
CO., et al.

v.

LAFOURCHE PARISH SCHOOL
BOARD, et al.

v.

TEXACO, INC.

Civ. A. No. 88–998–A.

United States District Court,
M.D. Louisiana.

Oct. 14, 1992.

---

See also 136 B.R. 658.

Gene W. Lafitte, Joe B. Norman, Liskow & Lewis, New Orleans, La., G. William Jarman, J. Carter Wilkinson, Kean, Miller, Hawthorne, D'Armond, McCowan & Jarman, Baton Rouge, La., Frederick W. Veters, New Orleans, La., for Texaco, Inc.

Richard P. Ieyoub, Atty. Gen., State of La., Emory Belton, Staff Atty., Baton Rouge, La., Mary Ellen Leeper, Port Allen, La., for the State of La.

Ernest R. Eldred, George L. Clauer, III, David M. Latham, III, Eldred & Clauer, Baton Rouge, La., for the State Mineral Bd.

Campbell C. Hutchinson, George C. Freeman, III, Marc D. Winsberg, Steven W. Usdin, Judith Barrasso, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for State of Louisiana Dept. of Natural Resources.

David Landry, Thibodaux, La., for La Fourche Parish School Bd.

## RULING ON MOTION FOR RECONSIDERATION

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by the State for reconsideration of the dismissal of its appeal from a discovery ruling of the magistrate judge, dated June 11, 1992. The motion is opposed. There is no need for oral argument.

On June 11, 1992, the magistrate judge granted a motion by Texaco to compel the State to produce "all documents and other materials" sought by the motion that do not fall under the work product exemption to the Louisiana Public Records Law, La. R.S. 44:1. The magistrate judge rejected the State's argument that Texaco sought "documents" which are shielded by the attorney-client privilege under federal law. The magistrate judge found that the State does not have a reasonable expectation of confidentiality under federal law because the documents are "public records" and thus are subject to disclosure under the Louisiana Public Records Law.

The court dismissed the appeal because the State failed to identify the documents

that it claims are subject to the attorney-client privilege. The State takes issue with the court's use of the term "advisory opinion." The State contends that the parties and the magistrate judge were all satisfied as to what documents were subject to the motion to compel. The State further argues that Texaco has the burden of proving what documents are at issue as the party moving to compel production.

■ The court disagrees. The burden of establishing the applicability of a privilege rests on the party who invokes it. *Hodges, Grant & Kaufmann v. U.S. Government*, 768 F.2d 719 (5th Cir.1985). The attorney-client privilege must be specifically asserted with respect to particular documents. *U.S. v. Rodriguez*, 948 F.2d 914 (5th Cir.1991) cert. denied, — U.S. —, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992). Once a claim of privilege has been established, then the burden or proof shifts to the party seeking discovery to prove any applicable exception to the privilege. See *Hodges*, supra.

■ With its motion for reconsideration, the State has submitted three extensive lists identifying documents that it claims are protected by the attorney-client privilege. The court finds that the State has made a generalized showing that there are documents that may be protected from disclosure by the attorney-client privilege. In view of the number of documents involved, the court concludes that it would be in the interest of judicial economy to proceed to review the legal issue raised on appeal relating to whether the State may claim the attorney-client privilege in connection with documents that otherwise qualify as "public records" under the Public Records Law. Any disputes as to the factual predicates for asserting the privilege in connection with particular documents may be taken up with the magistrate judge as necessary following the court's ruling herein.

■ Preliminarily, it is important to note that the parties agree that federal law applies in determining whether the documents are subject to the attorney-client privilege. Under federal law, the attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice. The privilege further protects the lawyer's communications with his client, at least if they would tend to disclose the client's confidential communications. *Hodges*, supra. To fall within the privilege, the communication must have reasonably been expected and understood to be confidential. *United States v. Melvin*, 650 F.2d 641 (5th Cir.1981).

La.R.S. 44:1(A)(2) broadly defines "public records" as follows:

"All books, records, writings, accounts, letters and letter books, ... having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business ... which was conducted ... by or under the authority of the constitution or the laws of this state ... except as otherwise provided in this Chapter or as otherwise specifically provided by law." (emphasis supplied)

La.R.S. 44:31 provides that any person may inspect or copy any "public record," "except as otherwise provided in this Chapter or as otherwise specifically provided by law." (emphasis supplied)

Section 2 of Act No. 686 of 1978, which added the Public Records Law, specifically exempts "any writings, records or other accounts that reflect the mental impressions, conclusions, opinions or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial."

The legal issue on appeal is whether the State may claim the federal attorney-client privilege because the documents are admittedly subject to disclosure under the Louisiana law, unless "otherwise specifically provided by law." La.R.S. 44:1(A)(2). The State makes no objection to the finding by the magistrate judge that it lacks a reasonable expectation of confidentiality if the documents are ultimately held to be subject to disclosure under the Public Records Law.

The magistrate judge interprets the phrase "otherwise specifically provided by

law" as meaning that there must be a statute which expressly provides that certain types of documents or records are exempt from disclosure under the Louisiana Public Records Law. This interpretation is based in large measure on her reading of the case of *Dutton v. Guste*, 395 So.2d 683 (La.1981). After a lengthy discussion of *Dutton*, the magistrate judge concludes that the Louisiana Supreme Court implicitly rejected the rationale espoused by the lower appellate court that the Public Records Law should be read in pari materia with La.C.Civ.P. art. 1422, which generally limits the scope of discovery to matters "not privileged." Consequently, the magistrate judge concludes that the Public Records Law cannot be read in pari materia with La.R.S. 13:3734.3 because the statute does not specifically exempt such communications from the Public Records Law.

La.R.S. 13:3734.3 provides:

> No attorney or counselor at law shall give evidence of anything that has been confided to him by his client, without the consent of his client, but his being employed as a counselor or attorney does not disqualify him from being a witness in the cause in which he is employed.

Although this provision was added by Act No. 470 of 1986, it goes back at least to the Louisiana Civil Code of 1870. During the revision of the Civil Code in 1984:

> "... the legislature inadvertently repealed the article that set forth the attorney-client privilege for civil cases, article 2283. In 1986, the legislature corrected this oversight by enacting Louisiana Revised Statutes 13:3734.3, a verbatim copy of former article 2283."

Force and Triche, "The Current State of Evidentiary Privileges in Louisiana," 49 La.Law Rev. 733, 748 (1989).

Turning again to the Dutton case, it was a mandamus proceeding to obtain a writ directing the State Attorney General to produce documents for inspection concerning a partial settlement of legal proceedings relating to the construction of the Louisiana Superdome. The district court refused to order production of the documents and the First Circuit Court of Appeal affirmed the lower court's ruling. *Dutton v. Guste*, 387 So.2d 630 (La.App. 1st Cir.1980). The First Circuit held that the Public Records Law must be read in pari materia with La.C.Civ.P. art. 1422, providing that matters that are privileged are not subject to discovery. That court held that compromises are generally regarded as privileged, citing *Broussard v. State Farm Mutual Automobile Ins. Co.*, 188 So.2d 111 (La.App. 3rd Cir.1966). Thus, the First Circuit concluded that the settlement documents fell within the statutory exception to the definition of "public records," i.e. "except as otherwise ... specifically provided by law."

In reversing, the Supreme Court noted several exemptions provided within the Public Records Law and certain other "statutory exemptions 'as otherwise provided by law' which by their language exempt certain types of records form the Public Records Law." Id. at p. 684–685. The Court further observed that "the only possible exception provided by law called to our attention is that established by Section 2 of Acts 1978, No. 686," establishing a work product exception. The Court proceeded to find that because the documents sought were settlement documents, the work product exemption provided in Section 2 was inapplicable as a matter of fact and that such documents are not exempt from pubic inspection under any exception established by law.

In her ruling on Texaco's motion to compel, the magistrate judge concluded that the Supreme Court must have implicitly rejected the lower appellate court's decision that La.C.Civ.P. art. 1422 protects settlement documents from disclosure under the Public Records Law. The court finds that the magistrate's interpretation of Dutton, as well as the Public Records Law, is erroneous.

As this court reads *Dutton*, the Supreme Court merely found no statutory provision which precludes disclosure of settlement documents. Article 1422 provides the general rule that privileged documents are not subject to disclosure. Article 1422 does not

specifically provide that settlement agreements are privileged. The lower appellate court actually applied a jurisprudential rule that compromise agreements are generally regarded as privileged.

While the Supreme Court noted several statutes that specifically exempt certain types of records from the Public Record Law, it did not hold that the phrase "except as otherwise specifically provided by law" is limited to instances where a statute expressly exempts records from the Public Record Law. In short, the court finds that *Dutton* is clearly distinguishable and provides no indication of how the Supreme Court would rule if presented with the issue at hand.

&#9646; A cardinal principle of statutory interpretation is that when a law is clear and unambiguous, it must be applied as written. La.Civ.Code art. 9.[1] Laws on the same subject matter must be interpreted in reference to each other. La.Civ.Code art. 13. It is well established that any ambiguity in the Public Records Law must be liberally construed with any doubt being resolved in favor of the right of access. *Title Research Corp. v. Rausch,* 450 So.2d 933 (La.1984).

The phrase "except as otherwise specifically provided by law" obviously qualifies what is to be considered a "public record." The language used does not require that the "otherwise" law contain a specific exemption from the Public Records Law, per se. It merely provides that there must be a law which specifically provides "otherwise," i.e., to the contrary—that specifically precludes public access to a certain type of document or record. In other words the exempting law is not required to specifically make reference to the Public Records Law.

This interpretation is supported by cases involving laws that otherwise limit access to public documents which do not contain specific language overriding the Public Records Law. *Fryar v. Guste,* 371 So.2d 742 (La.1979) (precluding access to information made confidential under La.C.Cr.P. art. 434); *Copsey v. Baer,* 593 So.2d 685 (La.App. 1st Cir.1991) writ denied, 594 S.2d 876 (La.1992) (precluding access to materials protected by the legislative privileges and immunities clause of the State Constitution); *United Financial Services of Baton Rouge, Inc. v. Guste,* 555 So.2d 561 (La.App. 1st Cir.1989) (precluding access to records made confidential under La.R.S. 6:103). See also, *Rausch,* supra at p. 936; *McNeely v. Board of River Port Pilot Commissioners,* 534 So.2d 1255 (La.1988).

Consequently, the court finds that La. R.S. 13:3734.3 is a law that specifically precludes public access to confidential communications between an attorney and his client. In view of this finding, the court concludes that the magistrate judge erred in holding that the "documents" could not reasonably be expected to be confidential by reason of the existence of the Public Records Law.

The court expresses no view as to any documents for which the state claims the attorney-client privilege. The court simply holds that the Louisiana Public Records Law does not compel the State to disclose documents which are shielded by the attorney-client privilege. The magistrate judge will determine which documents do indeed fall within that privilege.

Accordingly, the ruling of the magistrate judge is REVERSED and this matter is hereby REMANDED to the magistrate judge for further proceedings consistent herewith.

---

1. Despite the fact that we apply federal law here, our task necessarily involves a construction of these Louisiana statutes, hence reference to State rules of statutory construction is appropriate.