STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2022 CA 0983

R. T. TALLEY

VERSUS

LOUISIANA DEPARTMENT OF TRANSPORTATION AND
DEVELOPMENT

JUDGMENT RENDERED: **FEB 2 4 2023**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number 554579

The Honorable Trudy M. White, Presiding Judge

* * * * * * *

Thomas Gibbs
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
PLAINTIFF—R. T. Talley

Daniel J. Phillips
Lawrence E. Marino
Lafayette, Louisiana

COUNSEL FOR APPELLANT
DEFENDANT—Louisiana
Department of Transportation and
Development

Andrew G. Barry
Baton Rouge, Louisiana

* * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**WELCH, J.**

In this mandamus proceeding, the Louisiana Department of Transportation and Development ("DOTD") appeals an amended judgment in favor of R.T. Talley, ordering DOTD to produce the detailed invoices of its attorneys and experts, which were withheld from Mr. Talley in response to a public records request. For reasons that follow, we reverse the judgment of the trial court.

## BACKGROUND

Mr. Talley represented Restructure Partners, L.L.C. ("Restructure") in an expropriation proceeding brought by DOTD against Restructure, which bore docket number 489,640 in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. That expropriation proceeding was the subject of the appeal in **State, Department of Transp. and Development v. Restructure Partners, L.L.C.**, 2007-1745 (La. App. 1st Cir. 3/26/08), 985 So.2d 212, writ denied, 2008-1269 (La. 9/19/08), 992 So.2d 937 ("**Restructure**"). One of the issues in the expropriation proceeding and on appeal was Restructure's entitlement to attorney fees, as the amount of just compensation that was ultimately awarded by the judgment exceeded the amount of just compensation that DOTD had deposited into the registry of the court. See **Restructure**, 985 So.2d at 231-232; see also La. R.S. 48:453(E). In regards to the issue of attorney fees, Restructure sought, but was denied by the trial court, access to DOTD's time logs, billing statements, and related records. Restructure challenged that ruling of the trial court on appeal,[1] but the issue was pretermitted because the judgment on attorney fees was amended to provide for an award of the maximum amount allowed by law. **Restructure**, 985 So.2d at 231-232.

---

[1] Prior to the **Restructure** appeal, Restructure filed an application for supervisory writs, seeking a review of this ruling by the trial court; however, this Court denied the writ application. See **State, through Department of Transportation v. Restructure Partners, L.L.C.**, 2006-2449 (La. App. 1st Cir. 12/28/06)(*unpublished writ action*).

2

Following the conclusion of the expropriation proceedings in the trial court (April 11, 2007), but prior to the signing of the judgment that formed the basis of the appeal in **Restructure** (May 23, 2007), Mr. Talley, individually, sent a public records request to DOTD on April 17, 2007, pursuant to the provisions of La. R.S. 44:31, *et seq.* Therein, Mr. Talley sought the following:

> Any record of payment or request for payment, including all supporting documentation, of all legal fee charges or related expenses including, but not limited to, expert charges, deposition costs, court costs, sheriff's and service fees, Federal Express or other delivery charges, postage, facsimile costs, photocopying costs, telephone costs, transportation/travel expenses, lodging, meals, investigation fees, paralegal/secretarial expenses, exhibit costs, legal research/LexisNexis charges, or any other charge reflected in matter No. 080-100-31974/2001000037 entitled "State of Louisiana, Department of Transportation and Development versus Restructure Partners, LLC, et al," bearing Suit No. 489,640 of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

In response to this request, DOTD maintained that the documents requested were exempt from disclosure pursuant to La. R.S. 44:4.1(C), which provides that "[t]he provisions of this Chapter shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial."

Therefore, on April 23, 2007, Mr. Talley commenced these proceedings by filing a petition for writ of mandamus, seeking therein the issuance of a writ of mandamus against DOTD compelling access to the requested records, an order compelling an *in camera* review of the requested documents, and attorney fees, damages, and costs. In opposition to the petition for writ of mandamus, DOTD again maintained that the requested records were exempt from disclosure pursuant

to La. R.S. 44:4.1(C). DOTD also maintained that the records were protected from disclosure by the attorney-client privilege.[2]

The matter was set for hearing on May 7, 2007, but was later continued to May 14, 2007. Just prior to the hearing, DOTD provided Mr. Talley with copies of cancelled checks and the payment vouchers that ordered the checks. However, DOTD refused to provide the detailed invoices from the attorneys and experts, maintaining that those invoices revealed the matters that were worked on, the documents and statutes that were researched, and the theories of the case. In other words, DOTD claimed that the invoices reflected the opinions, conclusions, and theories of the attorneys and experts in the then ongoing litigation.

At the hearing, DOTD offered the testimony of Charles R. Albright, II, a senior attorney in the legal section for DOTD, who was the supervising attorney for the **Restructure** proceeding. Mr. Albright explained that DOTD produced documentation of payment to Mr. Talley, including the vouchers attached to the checks, but it did not produce the original invoices from the attorneys and experts retained by DOTD in the **Restructure** proceeding. Mr. Albright explained that DOTD requested narrative invoices from its attorneys and experts because DOTD "want[ed] to know what you did, not just your time and date, but what you did, whom you met with, what was discussed, conclusions that were reached, research that was done" such that "anyone reading those invoices or billings by the attorneys or the experts would be able to infer or, in fact, determine trial strategies or anything else." Mr. Albright confirmed that the invoices prepared by the

---

[2] We note that DOTD, in opposition to the writ of mandamus, asserted that when Restructure sought production of the records at issue through discovery in the **Restructure** suit, DOTD objected on the basis of the work product doctrine and attorney-client privilege and that the presiding judge therein denied Restructure's motion to compel and granted DOTD's motion for protective order in relation to those documents. Notably, documents that are subject to a protective order issued under the authority of La. C.C.P. art. 1426 are exempt from disclosure under the Public Records Law. See La. R.S. 44:4.1(B)(37). However, the record before us does not contain a copy of that purported protective order, nor does our opinion in **Restructure** reflect that a protective order as to those documents was issued. Therefore, we are unable to determine or address whether that exception is also applicable herein.

4

attorneys and experts in the case and obtained by DOTD were either in anticipation of litigation or in preparation of trial. In addition, Mr. Albright took the position that the attorney invoices should not be divulged to third parties because the documents pertained to the attorney/client relationship between DOTD and its attorneys. When Mr. Albright was questioned about whether the purpose of the invoices was for the attorneys and experts to get paid pursuant to their contracts with DOTD, Mr. Albright emphasized that the detailed information in the invoices was a means of "making sure [the attorneys and experts] were following the instructions of their client and that we were all on the same page," and was not "just for the purpose of getting paid."

After the hearing, the trial court rendered and signed a judgment on June 6, 2007,[3] that: (1) granted the petition for writ of mandamus as to the checks and payment vouchers for DOTD's attorneys and experts, which DOTD had already produced to Mr. Talley; (2) denied the petition for writ of mandamus as to all other requested materials, namely, the detailed invoices of DOTD's attorneys and experts; and (3) ordered DOTD to pay attorney fees to Mr. Talley in the amount of $1,500.00 and court costs of the proceeding. The trial court also denied Mr. Talley's request that the court conduct an *in camera* inspection of the records.[4] Mr. Talley filed a supervisory writ application with this Court seeking review of the trial court's judgment, as well as a motion for new trial.[5]

On August 9, 2007, this Court issued the following action:

---

[3] Judge A.J. Kling, *ad hoc* presided over the May 14, 2007 hearing, and he rendered and signed the June 6, 2007 judgment.

[4] Although the denial of Mr. Talley's request for an *in camera* was not specifically set forth in the judgment, the trial court, in its oral reasons, denied Mr. Talley's request and the trial court's minute entry reflects this ruling. Furthermore, in general, silence in a judgment as to any issue, claim, or demand placed before the trial court is deemed a rejection of the claim and the relief sought is presumed to be denied. **Alost v. Lawler**, 2018-1271 (La. App. 1st Cir. 5/8/19), 277 So.3d 329, 333 n.3.

[5] We note that the hearing on Mr. Talley's motion for new trial was continued several times during the pendency of Mr. Talley's supervisory writ application to this Court, as well as DOTD's application for a writ of certiorari to the Louisiana Supreme Court.

**STAY DENIED. WRIT GRANTED AND REMANDED WITH ORDER.** The portion of the trial court's May 14, 2007 judgment denying [Mr.] Talley's Petition for Writ of Mandamus is reversed. In accordance with La. R.S. 44:35(B), we hereby remand this matter for a hearing to evaluate the legality of the disclosure of all information contained in the invoices at issue, in light of the statutory and constitutional exemptions prohibiting the disclosure of certain confidential and/or exempt information.[6]

See **R.T. Talley v. State of Louisiana, DOTD**, 2007-1135 (La. App. 1st Cir. 8/9/07)(*unpublished writ action*), writ denied, 2007-1757 (La. 11/9/07), 967 So.2d 504.

Following this Court's remand, a hearing was held by the trial court on March 14, 2008, concerning Mr. Talley's motion for new trial. DOTD re-offered the testimony of Mr. Albright, and both parties submitted documentary evidence. In addition, the copies of the requested detailed invoices were submitted to the trial court under seal for an *in camera* inspection and a determination of whether those documents were exempt from production to Mr. Talley in accordance with La. R.S. 44:4.1(C) and/or the attorney-client privilege. Thereafter, the trial court took the matter under advisement.

On August 26, 2008, the trial court signed a judgment,[7] wherein it found, after conducting an *in camera* inspection, that "the documents withheld from [Mr. Talley] [did] not consist of any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial." In addition, the trial court found "that the Attorney-Client Privilege [did] not apply." Accordingly, the trial court ordered DOTD to produce to Mr. Talley the invoices of

---

[6] We note that two judges dissented as to "the merits of the application, finding that the writ should be denied" because "[t]he public records law should not be allowed as a substitute for discovery, which is subject to judicial supervision by the trial court." See **R.T. Talley v. State of Louisiana, DOTD**, 2007-1135 (La. App. 1st Cir. 8/9/07)(*unpublished writ action*), writ denied, 2007-1757(La. 11/9/07), 967 So.2d 504.

[7] Judge Donald R. Johnson presided over the March 14, 2008 hearing, and he rendered and signed the August 26, 2008 judgment.

DOTD's attorneys and experts that were initially withheld, with the exception that the document Bates stamped 207 would have a redaction for the entry dated 1-13-02. The trial court ordered that the documents would remain under seal until such time as a decision from this Court was received in response to any application for supervisory writs. The trial court further ordered that DOTD would have thirty days from the signing of the judgment to apply for a supervisory writ to this Court and that in the event DOTD did not make such an application, the documents would have to be produced to Mr. Talley upon the expiration of that time delay.

DOTD appealed the August 26, 2008 judgment.[8] Meanwhile, Mr. Talley subsequently filed a pleading in the trial court that was entitled "Memorandum." Therein, he noted that the trial court failed to assess costs and attorney fees, and requested the trial court to render judgment for costs and attorney fees. However, the record contains no ruling with respect to that pleading. Thereafter in the appeal, this Court, following a rule to show cause, dismissed the appeal on May 28, 2009, stating:

> **APPEAL DISMISSED.** The judgment of the trial court signed August 8, 2008 [*sic*] ordering [DOTD] to produce the documents at issue IF it did not file a writ with this Court, but stating that it did not have to produce the documents if it did seek writs is a conditional judgment and not a final judgment subject to appeal. Moreover, pursuant to La. C.C.P. art. 2083C, it is not an interlocutory judgment for which an appeal is expressly provided by law. Therefore, the rule to show cause is granted and the appeal is dismissed.
>
> Moreover, we note that the judgment does not state that [Mr.] Talley's claim for costs and attorney's fees was denied or was granted with a specific award. If the trial [court] intended to deny or grant this request for relief as to the documents most recently ordered produced, the judgment should state such; otherwise it is a partial final judgment subject to appeal only if certified as final pursuant to La. C.C.P. art. 1915B. A final appealable judgment must contain decretal language .... Moreover, if the trial [court] did not intend to issue a final judgment, then the interlocutory ruling is not subject to a motion for new trial. ... [Internal citations omitted.]

---

[8] DOTD also filed a notice of intent to file a supervisory writ application; however, it never filed a writ application with this Court.

**R.T. Talley v. State of Louisiana, DOTD**, 2009-0059 (La. App. 1ˢᵗ Cir. 5/28/09)(*unpublished action*).

DOTD filed an application for rehearing, which this Court denied on July 15, 2009, stating:

> **APPLICATION FOR REHEARING DENIED.** We note that the judgment of August 26, 2008 is interlocutory and nonappealable; therefore, the delays for filing a motion and order for appeal do not apply to this judgment. Once a valid final judgment is signed, i.e., one which is not conditional, which resolves all of the remaining claims in the litigation, and which contains proper decretal language, appellant may timely file a motion and order for a suspensive appeal.

**R.T. Talley v. State of Louisiana, DOTD**, 2009-0059 (La. App. 1ˢᵗ Cir. 7/15/09)(*unpublished action*).

On May 3, 2022,[9] the trial court signed an amended judgment, again finding that after an *in camera* inspection of the documents withheld from Mr. Talley, the records withheld did not consist of any writings, records, or other accounts that reflected the mental impressions, conclusions, opinions, or theories of an attorney or expert, obtained or prepared in anticipation of litigation or in preparation of trial. In addition, the trial court again found that the attorney-client privilege did not apply. Therefore, the trial court, in accordance with this Court's "order of remand and instructions," amended its August 26, 2008 judgment as follows: DOTD was ordered to produce to Mr. Talley the invoices of DOTD's attorneys and experts that were initially withheld by DOTD, with the exception that the document Bates stamped 207 would have a redaction for the entry dated 1-13-02; the documents at issue were ordered to remain under seal until such time as the trial court received a final decision from this Court with respect to an appeal or application for

---

[9] We note that there was a lengthy delay between the dismissal of the appeal regarding the August 26, 2008 judgment and the signing of an amended judgment by the trial court to cure the deficiencies noted by this Court in the order of dismissal. We also note that during this time delay, an order of abandonment was signed by the trial court and subsequently set aside. DOTD filed an application for supervisory writs, seeking review of the trial court's ruling setting aside the order of abandonment, which this Court denied. See **R.T. Talley v. State of Louisiana, DOTD**, 2022-0548 (La. App. 1ˢᵗ Cir. 6/7/22)(*unpublished writ action*), writ denied, 2022-01065 (La. 11/1/22), 349 So.3d 13.

supervisory writs filed by DOTD; DOTD was granted the right to appeal and/or to file an application for supervisory writs in accordance with law; and, in the event DOTD did not do so, the documents were ordered to be produced to Mr. Talley upon the expiration of those time delays. In addition, Mr. Talley's motion for attorney fees and costs was granted, but no amount was set forth therein. The trial court also designated the judgment as "a final and appealable partial judgment as to the production of documents issue[.]"[10]

From this judgment, DOTD appeals, arguing that the trial court erred in: (1) granting Mr. Talley access to the detailed invoices under the Public Records law because those records are exempt from disclosure, as they consist of the mental impressions, conclusions, opinions, and theories of DOTD's attorneys and experts and were prepared in anticipation of and in preparation for trial of the **Restructure** suit; (2) determining that the attorney-client privilege did not apply; (3) finding that only a single page of the invoices should be redacted; and (4) granting Mr. Talley's request for attorney fees because he litigated the matter *pro se*, and thus incurred no attorney fees.

## LAW AND DISCUSSION

Louisiana Revised Statutes 44:1(A)(2)(a) provides:

> All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, ... having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation,

---

[10] We note that the trial court designated the judgment as a final and appealable partial judgment "in accordance with [La. C.C.P.] arts. 1911(B), 1915(A)(3), and La. R.S. 13:4231" rather than La. C.C.P. art. 1915(B). Despite this mis-citation or error, the judgment unequivocally provides that it is "a final and appealable partial judgment as to the production of documents issue." As this Court's appellate jurisdiction extends to "final judgments," which are judgments that "determine the merits of a controversy in whole or in part, see La. C.C.P. arts. 1841 and 2083(A) and because the judgment, by its unequivocal terms, meets this jurisdictional requirement, we find the trial court's error of no consequence.

mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.

Any person may obtain a copy of any public record, in accordance with the Public Records Law, except as otherwise provided in the Public Records Law or other specific law. La. R.S. 44:31(B). The right of access to public records is guaranteed by the Louisiana Constitution and the Public Records Law. See La. Const. Art. XII, §3; La. R.S. 44:1, *et seq.* These constitutional and statutory rights of access to public records should be construed liberally, and any doubt must be resolved in favor of the public's right to see. **Shane v. Parish of Jefferson**, 2014-2225 (La. 12/8/15), 209 So.3d 726, 735. Furthermore, public records requests must be analyzed liberally in favor of free and unrestricted access to the record. **Hilliard v. Litchfield**, 2001-1987 (La. App. 1st Cir. 6/21/02), 822 So.2d 743, 746.

However, the Public Records Law contains exceptions, exemptions, and/or limitations. La. R.S. 44:4.1; see also La. R.S. 44:31(B). The exceptions to the Public Records Law must be narrowly construed, with any doubt resolved in favor of the public's right of access. See **Landis v. Moreau**, 2000-1157 (La. 2/21/01), 779 So.2d 691, 694.

As set forth in La. R.S. 44:4.1(C), "[t]he provisions of [the Public Records Law] shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial." The purpose of this exception is not merely to assist the client in obtaining complete legal advice, but also to afford the attorney a "zone of privacy" within which he is free to evaluate and prepare his case without adversarial scrutiny. **Trenticosta v. Mamoulides**, 93-621 (La. App. 5th Cir. 2/23/94), 633 So.2d 786, 788, writ denied, 94-1295 (La. 9/2/94), 643 So.2d 147.

10

Further, under this provision, "attorney-client communications are an exception to the Public Records [L]aw and are not a public record." **Council of City of New Orleans v. Washington**, 2009-0389 (La. App. 4th Cir. 5/12/09), 13 So.3d 662, 664 n.4, vacated on other grounds, 2009-1067 (La. 5/29/09), 9 So.3d 854; compare **Alliance for Affordable Energy v. Frick**, 96-1763 (La. App. 4th Cir. 5/28/97), 695 So.2d 1126, 1134-1135 (absent an allegation that the records at issue contained the "mental impressions, conclusions, opinions or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial," there was no basis to hold that the records requested were exempt from disclosure by the attorney-client privilege).

Records that contain privileged information, by definition, are not a public record. See **Council of City of New Orleans**, 13 So.3d at 664. A "privilege" is a "restriction imposed by law." **Louisiana Department of Insurance, ex. rel. Donelon v. Theriot**, 2010-0069 (La. App. 1st Cir. 5/3/11), 64 So.3d 854, 861, writ denied, 2011-1139 (La. 9/30/11), 71 So.3d 286. As such, a privilege may serve as the basis for refusing a person the right to examine, inspect, copy, reproduce, or obtain a copy or reproduction of public documents. See La. Const. Art. XII, §3 (providing that "[n]o person shall be denied the right to ... examine public records, except in cases established by law"); and La. R.S. 44:31(B)(providing that "[e]xcept as otherwise provided in [the Public Records Law] or as otherwise specifically provided by law," any person of the age of majority may inspect, copy, reproduce, or obtain a copy or reproduction of any public record); see also **Texaco, Inc. v. Louisiana Land & Exploration Co.**, 805 F.Supp. 385, 389 (M.D. La. 1992) (holding that the Louisiana Public Records Law does not compel the disclosure of documents that are shielded by the federal attorney-client privilege); **Louisiana Department of Insurance, ex. rel. Donelon**, 64 So.3d at 860-863 (providing that although the legislative auditor has broad access to public and

11

private records—confidential or otherwise—this broad access to information does not extend to privileged information, including information protected by the attorney-client privilege set forth in La. C.E. art. 506).

The attorney-client privilege is set forth in La. C.E. art. 506(B)(1) and provides a privilege against the disclosure of "a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client[11], ... when the communication is ... [b]etween the client or a representative of the client and the client's lawyer or a representative of the lawyer."

The Public Records Law is enforced through the procedure set forth in La. R.S. 44:35. Under this statute, "[a]ny person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of [the Public Records Law] either by a determination of the custodian or by the passage of five days ... from the date of his in-person, written, or electronic request ... may institute proceedings for the issuance of a writ of mandamus, ... together with attorney fees, costs and damages[12] ...." La. R.S. 44:35(A). In such a suit, "the court has jurisdiction to ... issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure," and "[t]he court shall determine the matter de novo." La. R.S. 44:35(B). "The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian." La. R.S. 44:31(B)(3); see

---

[11] Louisiana Code of Evidence article 506(A)(1) defines a "[c]lient" to include an "entity, public or private, to whom professional legal services are rendered by a lawyer ...."

[12] See La. R.S. 44:35(D)(1)(providing that "[i]f a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation ...); La. R.S. 44:35(E)(1)(providing that "[i]f the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request ... it may award the requestor any actual damages proven by him to have resulted from the actions of the custodian ..." and that "if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request ... it may award the requestor civil penalties ...."

also La. R.S. 44:35(B). The court may view the documents in controversy *in camera* before reaching a decision. La. R.S. 44:35(B).

Generally, an appellate court reviews a trial court's judgment on a writ of mandamus seeking the production of public records under an abuse of discretion standard. **Odoms v. Cammon**, 2021-0828 (La. App. 1st Cir. 3/3/22)(*unpublished*), 2022 WL 620773 *3, writ denied, 2022-00560 (La. 5/24/22), 338 So.3d 1186. In addition, a trial court's factual findings in such a mandamus proceeding are subject to a manifest error standard of review. *Id.* See also **Roper v. City of Baton Rouge/Parish of East Baton Rouge**, 2016-1025 (La. App. 1st Cir. 3/15/18), 244 So.3d 450, 460, writ denied, 2018-0854 (La. 9/28/18), 252 So.3d 926; **Beasley v. Cannizzaro**, 2018-0520 (La. App. 4th Cir. 11/21/18), 259 So.3d 633, 636, writ denied, 2018-2085 (La. 2/18/19), 265 So.3d 774. However, questions of law in a mandamus proceeding, such as the proper interpretation of a statute or the applicability of a particular exception, exemption or limitation to the Public Records Law, are reviewed by appellate courts under the *de novo* standard of review. See **Odoms**, 2022 WL 620773 at *3 and **City of Baton Rouge/Parish of East Baton Rouge v. Capital City Press, L.L.C.**, 2007-1088 (La. App. 1st Cir. 10/10/08), 4 So.3d 807, 816, writ dismissed, 2008-2057 (La. 1/16/09), 998 So.2d 100.

In this case, the trial court, after conducting an *in camera* inspection of the records withheld—the detailed invoices from DOTD's attorneys and experts—the trial court concluded that the exception set forth in La. R.S. 44:4.1(C) was not applicable and that the attorney-client privilege did not apply. These conclusions by the trial court raise questions of law, *i.e.*, the applicability of a particular exception to the Public Records Law. Therefore, we review the trial court's judgment under the *de novo* standard of review. See **City of Baton Rouge/Parish of East Baton Rouge**, 4 So.3d at 816.

Based on our *de novo* review of the testimony of Mr. Albright and the documents produced by DOTD for *in camera* inspection by the trial court, we find that the trial court erred in concluding that the exception set forth in La. R.S. 44:4.1(C) and/or the attorney-client privilege were not applicable. The detailed invoices sent to DOTD from its attorneys and experts are written communications to DOTD setting forth the exact tasks that the attorneys and the experts performed in regards to their representation of DOTD in the **Restructure** suit—both prior to and after the filing of suit—as well as how much time was spent on those respective tasks. The information detailed on the invoices includes, but is not limited to, task specific correspondence that was both drafted and reviewed to/from identified individuals; strategy recommendations that were made; conferences (both in person and on the telephone) and meetings that were held and the matters that were discussed therein; specific legal issues that were researched and discussed; pleadings that were drafted and reviewed; expenses that were incurred; travel that occurred and the reasons therefor; preparations that were made for depositions; discussions on topics and strategies for trial; and work performed and preparations made for trial. We find such detailed information constitutes the mental impressions, conclusions, opinions, and theories of the attorneys and experts. Furthermore, we also find that this detailed information was communicated by the attorneys to their client with the intent of keeping the communication confidential, as confirmed by Mr. Albright. Therefore, the documents are also protected by the attorney-client privilege under La. C.E. art. 506.

Having concluded that the detailed invoices requested by Mr. Talley from DOTD were not subject to disclosure under the Public Records Law pursuant to the exception set forth in La. R.S. 44:4.1(C) and the attorney-client privilege, we find that the trial court erred in ordering DOTD to produce to Mr. Talley the

14

detailed invoices that were withheld and in granting Mr. Talley's request for attorney fees and costs. Therefore, May 3, 2022 amended judgment of the trial court is reversed.

## CONCLUSION

For all of the above and foregoing reasons, the May 3, 2022 amended judgment of the trial court is reversed. All costs of this appeal are assessed to the plaintiff/appellee, R.T. Talley.

**REVERSED.**